IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MILES O. BONTY,

    Plaintiff,

  v.

G. A. NEOTTI, et al.,

    Defendants.
_____/

No. C 09-04358 CW (PR)

ORDER OF SERVICE

    Plaintiff Miles O. Bonty, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  Thereafter, Plaintiff filed an amended complaint.  Plaintiff's motion for leave to proceed in forma pauperis has been granted.

    Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

    In his amended complaint, Plaintiff names the following SVSP officials as Defendants: Chief Deputy Warden G. A. Neotti and Correctional Lieutenant J. Stevenson.  He also names California Department of Corrections and Rehabilitation Chief of the Inmate Appeals Branch N. Grannis.  Plaintiff seeks declaratory relief and monetary damages.

DISCUSSION

I.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b) (1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

II. Legal Claims

  A.  Due Process Claim

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. at 564-7. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445 at 454. The Due Process

Clause only requires that prisoners be afforded those procedures mandated by <u>Wolff</u> and its progeny; it does not require that a prison comply with its own, more generous procedures. See <u>Walker v. Sumner</u>, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

In his amended complaint, Plaintiff alleges that he was denied due process in connection with prison disciplinary proceedings while he was housed at SVSP. On January 15, 2009, he was issued a CDC-115 rule violation report for "Refusal to Obey Orders." Defendant Stevenson was assigned as the hearing officer for the CDC-115. Plaintiff alleges that Defendant Stevenson refused to allow him to present certain witnesses at his disciplinary hearing. Liberally construed, the allegations of the amended complaint state a § 1983 claim against Defendant Stevenson for violating Plaintiff's right to due process.

B. Claim Relating to Grievance Process

Plaintiff claims that Defendants Neotti and Grannis denied his 602 inmate appeal (relating to his due process claim) at the second level and Director's level, respectively. Plaintiff's amended complaint does not, however, state a claim for relief against Defendants Neotti and Grannis, who denied Plaintiff's appeal upon finding no violation of his due process rights.

Any claim based on the simple failure to grant his administrative appeals or process them properly is not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. See <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996). The State of California has not created a protected interest in an

administrative appeal system in prison.  California Code of Regulations, title 15 sections 1073 and 3084 et seq. grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.  The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Plaintiff had no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal does not amount to a due process violation.  Therefore, Plaintiff's claim against Defendants Neotti and Grannis concerning the handling of his appeal is DISMISSED WITH PREJUDICE.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff has stated a cognizable due process claim against Defendant Stevenson.

2.  Plaintiff's claim against Defendants Neotti and Grannis concerning the handling of his appeal is DISMISSED WITH PREJUDICE.

4

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 5) and a copy of this Order to <u>SVSP Correctional Lieutenant J. Stevenson</u>. The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. The Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or

twenty (20) days from the date the waiver form is filed, whichever is later.

   5.  Defendant shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.  No later than ninety (90) days from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than sixty (60) days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or

> other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

    c. If Defendant wishes to file a reply brief, Defendant shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with

7

the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/7/2010

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MILES O BONTY,

        Plaintiff,

v.

G.A. NEOTTI et al,

        Defendant.

Case Number: CV09-03838 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miles O. Bonty D-12821
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: May 7, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

9