NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILES O. BONTY, | ) | No. C 09-3838 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| vs. | ) | JUDGMENT ON THE PLEADINGS |
| | ) | |
| J. STEVENSON, | ) | (Docket Nos. 15, 20) |
| | ) | |
| Defendant. | ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 alleging that officials at the Salinas Valley State Prison violated his right to due process when they refused to allow him to call witnesses during his February 2009 disciplinary hearing. On October 12, 2010, Defendant filed a motion for judgment on the pleadings. Plaintiff filed an opposition, and Defendant filed a reply. Plaintiff filed a response to Defendant's reply. Defendant filed a motion to strike Plaintiff's response, and Plaintiff filed an opposition. Defendant's motion to strike the Plaintiff's response is DENIED. For the reasons below, the Court GRANTS Defendant's motion for judgment on the pleadings.

## BACKGROUND

    In February 2009, Plaintiff was found guilty at a disciplinary hearing of refusing to obey orders. (Complaint at 3-4.) As a result, Plaintiff was sentenced to thirty-days forfeiture of

1  credits, and placed on "C" privilege status for sixty days.  (*Id.* at 4.)  Plaintiff claims that he was
2  denied the right to present witnesses at his disciplinary hearing, in violation of his right to due
3  process.  (*Id.* at 6-7.)  Plaintiff filed the instant federal civil rights complaint on September 2,
4  2009.

## DISCUSSION

6  Defendant argues that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477
7  (1994).  Specifically, Defendant asserts that Plaintiff's suit, if successful, would necessarily
8  imply the invalidity of the result of the disciplinary hearing, which is impermissible.  (MTD at 4-
9  8.)
10  *Heck* does not apply to prisoner civil rights actions challenging a disciplinary hearing or
11  administrative sanction that does not affect the overall length of the prisoner's confinement.
12  *Ramirez v. Galaza*, 334 F.3d 850, 857-58 (9th Cir. 2003) (holding that a challenge to a
13  disciplinary proceeding that resulted in ten-day disciplinary detention, loss of privileges and a
14  24-month administrative segregation term was not barred by *Heck*, even though the discipline
15  could be considered by the parole board in determining whether to release the prisoner on
16  parole).  *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974),
17  procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature
18  of the challenge to the procedures [is] such as necessarily to imply the invalidity of the
19  judgment."  *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).  A claim for damages based on
20  allegations that a plaintiff was completely denied the opportunity to put on a defense, and that
21  there was deceit and bias on the part of the decisionmaker, for example, necessarily implies the
22  invalidity of the punishment imposed and is barred by *Heck*.  *See id.* at 646-47.
23  Here, Plaintiff requests money damages and a declaratory judgment based on the
24  allegation that Defendant denied him the opportunity to present witnesses at his disciplinary
25  hearing.  This case is not like *Edwards*, in which the prisoner there alleged deceit and bias.  *See*
26  *id.* at 647, 649-50 (concurrence, J. Ginsburg).  Plaintiff here appears to be challenging the
27  validity of the procedure rather than the validity of the result.  *See id.* at 645-47; *Heck*, 512 U.S.
28  at 482-83 (making a distinction between claims that allege a deprivation of civil rights and a

1  deprivation of good-time credits).  Thus, Plaintiff's claim is not barred by *Heck*.

2  Nevertheless, Plaintiff's action cannot proceed because he has not alleged the deprivation
3  of a protected liberty interest.  The Fourteenth Amendment entitles a prisoner to certain due
4  process protections when he is charged with a disciplinary violation, including the right to call
5  witnesses.  *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v.
6  McDonnell*, 418 U.S. 539, 564-71 (1974)).  However, these protections only attach when the
7  disciplinary action implicates a prisoner's protected liberty interest.  *Serrano*, 345 F.3d at 1078.

8  Interests protected by the Due Process Clause may arise from two sources -- the Due
9  Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27
10  (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected
11  manner implicate the Due Process Clause itself, whether or not they are authorized by state law.
12  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are
13  less severe or more closely related to the expected terms of confinement may also amount to
14  deprivations of a procedurally protected liberty interest, provided that (1) state statutes or
15  regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the
16  inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  *See
17  id.* at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that
18  imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of
19  prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a]
20  sentence," *id.* at 487.

21  In determining whether a restraint is an "atypical and significant hardship," *Sandin*
22  suggests that courts should consider whether the challenged condition mirrored the conditions
23  imposed on inmates in administrative segregation and protective custody, and thus comported
24  with the prison's discretionary authority; the duration of the condition; the degree of restraint
25  imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence.
26  *See Serrano*, 345 F.3d at 1078; *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).  If the
27  deprivation is one of "real substance," *Wolff*'s procedural protections must be afforded.

28  There is no indication that there is any state statute or regulation that narrowly restricts

Order Granting Defendant's Motion for Judgment on the Pleadings
P:\PRO-SE\SJ.LHK\CR.09\Bonty838mtd.wpd         3

the power of prison officials to impose the deprivations at issue here. Moreover, even assuming a statute or regulation existed to give rise to a liberty interest, the liberty in question is not one of "real substance." After Plaintiff was found guilty at his disciplinary hearing, he was sentenced to thirty-days forfeiture of credit, sixty-days "C" Privilege status, and thirty-days without property.[1] (Complaint at 4, Ex. B.) Plaintiff conceded that the thirty-day forfeiture of credit has no effect on the duration of his sentence. Being placed for sixty-days into the "C" Privilege status and temporarily losing his property appear to be losses of privileges normally associated with the basic conditions of life as a prisoner, and are "within the range of confinement to be normally expected" by prison inmates. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 448-49 & n.3 (9th Cir. 2000) (concluding that prisoner had no protected liberty interest in being placed in disciplinary segregation for 70 days prior to his hearing even though it limited his recreational activities, received cold food, and had no pillow, among other things). These consequences do not constitute an "atypical and significant hardship" sufficient to implicate a liberty interest. Therefore, Plaintiff has failed to state a federal due process claim regarding his disciplinary proceeding, and this action must be dismissed.

**CONCLUSION**

Defendant's motion for judgment on the pleadings (docket no. 15) is GRANTED. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: 5/24/11

_____
LUCY H. KOH
United States District Judge

---

[1] Plaintiff's disposition states, "Inmate Bonty's privilege group "C" received: No Family visits, Only 1/4 the Maximum Canteen Draw, No Telephone Calls, Limited Yard and Dayroom Access per "C" Status, No Special Purchases and No Quarterly Packages. . . Inmate Bonty is placed on Temporary loss of his appliances such as (i.e., TV, Radio, CD Player, etc.) or musical instruments, nor may he purchase any electrical entertainment or battery operated type of appliances for a period of 30 days. . .) (Complaint, Ex. B.)