NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILES O. BONTY, | ) | No. C 09-3838 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | (Docket No. 31) |
| J. STEVENSON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 alleging that an official at the Salinas Valley State Prison violated his right to due process when he refused to allow him to call witnesses during his February 2009 disciplinary hearing. Defendant filed a motion for judgment on the pleadings. Plaintiff filed an opposition, and Defendant filed a reply. On May 24, 2011, the Court granted Defendant's motion to dismiss, concluding that Plaintiff did not suffer an atypical or significant hardship sufficient to achieve a protected liberty interest. The Court concluded that Plaintiff failed to state a cognizable claim, and granted Defendant's motion for judgment on the pleadings.

On June 20, 2011, Plaintiff filed a motion for reconsideration. Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence

that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the present motion, Plaintiff claims that he is entitled to reconsideration based on Rule 60(b)(1). Specifically, he claims that his liberty interest was violated because (1) he was convicted at the disciplinary proceeding based on false evidence, and (2) he was deprived of his right to present witnesses.

The Court is not persuaded. While Plaintiff did state in his complaint that Stevenson relied on false evidence to find him guilty, reading the complaint in its entirety, the Court did not construe Plaintiff's complaint to include such an allegation.[1] Nevertheless, giving Plaintiff the benefit of the doubt that he did intend to bring a claim that his disciplinary conviction was based on insufficient evidence, it cannot be sustained for the following reasons.

A claim that there was insufficient evidence to support a disciplinary conviction is a cognizable claim. *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) ("in prison disciplinary hearings - "the minimum requirements of procedural due process" require that "the findings of the prison disciplinary board [be] supported by some evidence in the record.") (quoting *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985)). An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *See Hill*, 472 U.S. at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See id.* "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process . . . requires only that there be some evidence to support the findings made in the disciplinary hearing." *Id.* at 457.

Here, Plaintiff's complaint, read in its entirety, reveals that Plaintiff believes that there

---

[1] To the extent Plaintiff also argues that the disciplinary proceeding arose from the filing of false charges, that allegation fails to state a cognizable claim for relief because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

1 were contradictory witness accounts, and Stevenson improperly credited the complaining
2 officer's account over all others.  Applying *Hill*, it is clear that Plaintiff's criticism of the
3 disciplinary proceeding result is that Stevenson did not find Plaintiff's version of events credible,
4 but instead, found the complaining officer's statements to be true.  However, it is not enough for
5 Plaintiff to allege that there was more evidence in his favor.  As in *Hill*, "[a]lthough the evidence
6 . . . might be characterized as meager, . . . the record is not so devoid of evidence that the
7 findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (finding
8 some evidence sufficient to support the disciplinary convictions of two inmates who were seen --
9 along with a third inmate -- fleeing from an injured inmate).  Thus, even if the evidence could
10 have led to another result for Plaintiff, it was constitutionally sufficient to support the
11 disciplinary decision.  *Cf. Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir.
12 2001) (recognizing that a plaintiff can plead himself out of a claim by alleging facts
13 demonstrating that he has no claim).  Accordingly, this fails to state a claim for relief.

14     With respect to Plaintiff's second contention that his right to due process was violated
15 because he was denied the right to call inmate-witnesses, Plaintiff does not present anything new
16 that the Court did not previously consider.  Plaintiff's disciplinary conviction and sentence did
17 not result in an atypical or significant hardship sufficient to implicate a liberty interest.

18     Accordingly, Petitioner's motion for reconsideration is DENIED.
19     This order terminates docket number 31.
20     **IT IS SO ORDERED.**
21 DATED:  8/4/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Denying Plaintiff's Motion for Reconsideration
P:\PRO-SE\SJ.LHK\CR.09\Bonty838recon.wpd               3